# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HARPER TRUCKS INC., <br><br> Plaintiff, <br><br> v. <br><br> GLEASON INDUSRIAL PRODUCTS INC., <br><br> Defendant. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Harper Trucks Inc. ("Plaintiff" or "Harper"), by its attorneys, hereby files this complaint against Gleason Industrial Products Inc., ("Defendant" or "Gleason") for patent infringement, alleging as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, involving infringement of United States Patent No. 10,864,933 ("the '933 patent") (the "patent-in-suit" or "asserted patent").

## THE PARTIES

2. Harper is a Kansas corporation with its principal place of business at 1522 South Florence Street, Wichita, Kansas 67209.

3. Harper is in the business of manufacturing and selling multi-positional hand trucks that are covered by the asserted patent, and Harper's multi-positional hand trucks directly compete with the Accused Products (described below) offered by Gleason. Upon information and belief, Harper has lost substantial business to the Accused Products offered by Gleason.

1

4.	On information and belief, Gleason is a Wisconsin corporation having its principal place of business at 612 East Reynolds Street, Goshen, Indiana 46526.

**JURISDICTION AND VENUE**

5.	This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.	Venue is proper in this District under 28 U.S.C. § 1400(b) as Gleason (1) has a regular and established place of business, and has committed acts of infringement in this District, and (2) has its principal place of business located in this District.

7.	Gleason maintains continuous and systematic contacts within this District by maintaining its principal place of business in this District; by making, using, selling, and offering for sale products (including the Accused Product) to customers within and from this District; and by offering for sale products that are used within this District.

8.	This Court has specific personal jurisdiction over Gleason pursuant to due process and Indiana's long-arm statute (Indiana Trial Rule 4.4(A)) because Defendant, directly and/or through intermediaries, has conducted and conducts substantial business within this forum including, but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this District; and/or (iii) regularly soliciting and/or doing business in this District, engaging in other persistent courses of conduct in this District, and/or deriving substantial revenue from goods and services provided to individuals in this District.

9.	Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.

## THE TECHNOLOGY AND THE PATENTS IN SUIT

10. The '933 patent, entitled, "Four Position Hand Truck," was duly and legally issued by the United States Patent and Trademark Office on December 15, 2020. A copy of the '933 patent is attached as **Exhibit A**.

11. The '933 patent generally discloses and claims a multi-position hand truck that permits a user to easily change the orientation of the handle and frame among a number of positions making the hand truck extremely useful to a wide variety of uses.

12. The '933 patent is valid and enforceable.

13. Harper is the exclusive owner of all right, title, and interest in the '933 patent and has the right to bring this action to recover damages for any current or past infringement of this patent.

14. Harper has never granted Gleason a license to practice any invention claimed in the '933 patent-in-suit.

## THE ACCUSED PRODUCTS AND SERVICES

15. Gleason makes, uses, sells, offers for sale, and/or imports products that infringe the patent-in-suit.

16. Gleason makes a number of hand trucks and uses the name "Milwaukee Hand Trucks" as a trade name for products manufactured and sold by Gleason. Milwaukee Hand Trucks are made in Gleason's manufacturing facilities in Goshen, Indiana.

17. Specifically, Gleason makes, uses, imports, sells, and/or offers for sale a multi-position hand truck, Model No. 79441, that infringes the patent-in-suit (the "Accused Product").

## COUNT I – INFRINGEMENT OF THE '933 PATENT

18. Paragraphs 1 through 17 are incorporated by reference as if fully stated herein.

19. Defendant has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '933 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Product. An exemplary claim chart demonstrating the infringement of each element of claim 4 of the '933 patent with a feature of the Accused Product is attached as **Exhibit B**, which is incorporated by reference herein.

20. Third parties, including Defendant's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '933 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Product in the United States so as to infringe one or more claims of the '933 patent.

21. Defendant has knowledge and notice of the '933 patent and its infringement through the filing of this action, through its own discovery of the '933 patent and/or the U.S. patent application that matured as the '933 patent, through Harper's marking of the '933 patent on its patented products, and through pre-filing correspondence.

22. Defendant has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b). Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '933 patent by, for example, selling or otherwise supplying the Accused Product in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product, for the intended purpose to infringe the '933 patent, with instructions as to the use of the product and guidance as to the specific steps that must be taken to utilize the product, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the

Accused Product and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to the product.

23. Defendant has contributed to, and continues to contribute to, the infringement by third parties, including its customers, of one or more claims of the '933 patent under 35 U.S.C. § 271(c) by, for example, selling and/or offering for sale in the United States the Accused Product knowing that the product constitutes a material part of the invention or inventions of the '933 patent, knowing that the product is especially made or adapted to infringe the '933 patent, and knowing that the product is not a staple article of commerce suitable for substantial non-infringing use.

24. Harper has been and continues to be damaged by Defendant's infringement of the '933 patent. Harper has no adequate remedy at law.

25. Having knowledge of the '933 patent, Defendant knows, or should know, that without taking a license to the patent-in-suit, its actions continue to infringe one or more claims of the '933 patent.

26. Defendant has willfully infringed the '933 patent and continues to do so.

27. The conduct by Defendant in infringing the '933 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **PRAYER OF RELIEF**

**WHEREFORE**, Harper prays for judgment as follows:

A. That Defendant has infringed the patent-in-suit;

B. That Harper be awarded all damages adequate to compensate it for Defendant's infringement of the patent-in-suit, such damages to be determined by a jury with pre-judgment and post-judgment interest;

      C.      A judgment that the infringement was willful and that such damages be trebled pursuant to 35 U.S.C. § 284;

      D.      An order permanently enjoining Defendant and its officers, agents, servants and employees, privies, and all persons in concert or participation with it, from further infringement of the patent-in-suit;

      E.      That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Harper be awarded attorney fees, costs, and expenses incurred relating to this action; and

      F.      That Harper be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Harper hereby demands a trial by jury on all issues so triable.

Dated:  July 19, 2022               Respectfully submitted:

*/s/ Timothy M. Curran*
Timothy M. Curran (24463-71)
Patrick J. O'Rear (36270-71)
SouthBank Legal
100 E. Wayne Street, Suite 300
South Bend, Indiana 46601
Tel:  574.968.0760
Fax:  574.968.0761
tcurran@southbank.legal
porear@southbank.legal


*/s/ Donald L. Jackson*
Donald L. Jackson (*pro hac vice* pending)
Peter W. Gowdey (*pro hac vice* pending)
**DAVIDSON BERQUIST JACKSON & GOWDEY, LLP**
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102
Telephone: (571) 765-7700
Facsimile:  (571) 765-7200
djackson@dbjg.com
pgowdey@dbjg.com

*Attorneys for Plaintiff Harper Trucks, Inc.*

7