UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HARPER TRUCKS INC.,

    Plaintiff,

v.

GLEASON INDUSTRIAL PRODUCTS INC.,

    Defendant.

CAUSE NO. 3:22-CV-566 DRL-MGG

OPINION AND ORDER

This is a patent infringement suit. Harper Trucks Inc. manufactures and sells multi-positional hand trucks covered by United States Patent 10,864,933. Harper says Gleason Industrial Products Inc. makes and sells infringing hand trucks in Goshen, Indiana under a Milwaukee trade name. Today Gleason moves to dismiss the case. The motion requires modest discussion before being denied.

First, Gleason argues that Harper sued the wrong party, so the complaint fails to state a claim under Rule 12(b)(6). To pursue patent infringement under 35 U.S.C. § 271, Harper must establish that Gleason made, used, sold (or offered to sell), or imported the patented invention, or actively induced the patent's infringement. Harper alleges it owns a patent. It alleges that Gleason makes and sells a hand truck that infringes the patent. Harper offers adequate facts to indicate which product violates its patent—right down to Gleason's trade name and model number—and the precise features. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This dooms the motion because the court must construe these allegations as true today. *See Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010).

Gleason invites the court to consider a representative's affidavit. The court declines. The affidavit exceeds the boundaries of the complaint. For this Rule 12(b)(6) request, the court may consider only the complaint, its attachments, documents incorporated by reference in the complaint, and judicially noticeable facts. *See Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Gleason chose not to file a summary judgment motion

and offers no compelling reason for the court to convert this motion into one. *See* Fed. R. Civ. P. 12(d). The court thus denies Gleason's request to dismiss under Rule 12(b)(6).

Second, Gleason argues that the court lacks personal jurisdiction under Rule 12(b)(2). In Indiana, personal jurisdiction coextends with constitutional due process. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006). "To comport with federal due process, a defendant must maintain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590 (7th Cir. 2021) (quotations omitted). Two types of personal jurisdiction exist: general jurisdiction (sometimes called "all-purpose" jurisdiction) and specific jurisdiction (sometimes called "case-linked" jurisdiction). *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *Rogers v. City of Hobart*, 966 F.3d 812, 818 (7th Cir. 2021).

Gleason bypasses general jurisdiction and argues specific jurisdiction, even in reply when Harper asserts only general jurisdiction. Eluding the battlelines isn't often a successful tactic to win the day. The court need not address specific jurisdiction if general jurisdiction exists. And it does. For a corporation, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quotations and brackets omitted); *see, e.g., Stanley v. Thor Motor Coach*, 2020 U.S. Dist. LEXIS 156269, 5-6 (N.D. Ind. Aug. 28, 2020). The complaint alleges that Gleason maintains its principal place of business in Goshen, Indiana. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (defining corporation's principal place of business). General jurisdiction thus exists.

Gleason returns once more to its affidavit. Now the court may consider it. *See Curry v. Revolution Labs., LLC*, 949 F.3d 385, 393 (7th Cir. 2020). Short of an evidentiary hearing—and one isn't needed today, *see Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015)[1]—the court must resolve any factual disputes between Harper's complaint and Gleason's affidavit in Harper's favor, *see Curry*, 949

---

[1] And no one has requested an evidentiary hearing. Indeed, Gleason opposes discovery that would inform a hearing.

F.3d at 393; *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Harper must establish a *prima facie* case of jurisdiction. *See Curry*, 949 F.3d at 392-93. Gleason's affidavit never contests that its principal place of business sits in Goshen, Indiana. Instead, the affidavit suggests Harper is right—noting that Gleason's general manager works in Goshen. Gleason argues that its contacts with Indiana aren't related to this suit, but this point mixes concepts. When general jurisdiction exists, the allegations against the defendant "need not relate to the forum State or the defendant's activity there." *Ford Motor*, 141 S. Ct. at 1024.

Oddly both parties stop there. Gleason develops no argument that exercising personal jurisdiction would offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (outlining five factors). In fairness, Harper proves silent on this front too, but the burden at this point shifts and rests on Gleason. *See id.* at 475-77. The court won't develop arguments for Gleason. *See Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010). Gleason thus concedes its position on these factors for purposes of this motion. Still, on this record, it seems at least four of the operative factors favor exercising jurisdiction. The court denies the Rule 12(b)(2) request to dismiss.

The burdens that govern this motion thus resolve it. That said, a simple question lingers: whether Gleason manufactures and sells the Model No. 79441 hand truck, or whether Precision Products, Inc. d/b/a Gleason Consumer Products Company (a separate company) does, or perhaps both, for instance through a joint venture, licensing, distribution, or other agreement. Gleason says Precision is the right defendant; and Precision filed suit in Illinois federal court against Harper saying Precision manufactures and sells this model hand truck, not Gleason. Gleason offers the Illinois complaint in reply. It was just filed October 4, 2022.

Gleason offers no reason for the court to take judicial notice of this other lawsuit's pleading. *See* Fed. R. Evid. 201. Judicially noticing this other suit's allegations makes no sense. Doing so proves particularly troublesome when all that Gleason offers are mere allegations from that suit, not adjudicative facts; and worse still when the allegations there contradict allegations here. These conflicts must be procedurally resolved in Harper's favor, whether under Rule 12(b)(2) or 12(b)(6). *See Curry*, 949 F.3d at

3

393; *Reynolds*, 623 F.3d at 1146. Just assuming the Illinois suit's allegations as true, and not those here, would not only offend the governing standards today but myopically eliminate a number of scenarios in which Gleason might remain the right defendant or in which both Gleason and Precision prove responsible. Discovery will sort that out. Harper has an obligation not to maintain a vexatious suit once it begins, and confirming the right party or parties would seem a reasonable early task.[2]

Based on the pleading, the claim against Gleason is plausible; and, based on the record, personal jurisdiction exists. Accordingly, the court DENIES Gleason's motion to dismiss [ECF 12] and DENIES AS MOOT Harper's motions for preliminary discovery [ECF 13] and for an extension [ECF 14]. The case will proceed to the magistrate judge to address scheduling and discovery.

SO ORDERED.

October 11, 2022                                       *s/ Damon R. Leichty*
                                                       Judge, United States District Court

---

[2] It seems Harper had a good faith basis for the lawsuit given that a website (www.milwaukeehandtrucks.com), maintained as recently as September 15, 2022, said Milwaukee hand trucks was "a trade name for products manufactured and sold by Gleason Industrial Products," and that the products were "produced in Gleason's manufacturing facilities in Goshen, Indiana and Lincoln, Illinois." The website has since been removed. The court doesn't rely on this website for either the Rule 12(b)(2) or 12(b)(6) analyses, only to note that the suit against Gleason wasn't without some reasonable basis to begin.